**POLYNESIAN AIRLINES, Plaintiff**

**v.**

**E.P.S., INC., dba CDI TRAVEL AND TOURS, and ELAINE PRESCOTT SINGH, Defendants**

High Court of American Samoa
Trial Division

CA No. 134-94

December 14, 1994

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Katopau Ainu`u
For Defendants, Afoa L. Su`esu`e Lutu

Order Denying Motion for Summary Judgment:

### I. History

The motion by plaintiff Polynesian Airlines ("Polynesian") for summary judgment against defendants E.P.S., Inc., dba CDI Travel and Tours, and Elaine Prescott Singh (collectively "CDI") came regularly for hearing on December 7, 1994. Counsel for both parties were present.

CDI purchased several airline tickets from Polynesian, using CDI company checks. Five of these checks, in the aggregate amount of $8,632.73, were returned unpaid for insufficient funds. It is unclear whether Polynesian made demands for the payment of this debt prior to the filing of this complaint. Polynesian has been withholding CDI's commissions and applying them against the debt, and claims that the debt is presently $7,541.25.

CDI does not dispute the facts which gave rise to the debt, but claims that the $7,541.25 figure does not reflect the current amount of the obligation.

CDI argues that, since the filing of this claim, it has reached a verbal agreement with Polynesian, wherein CDI has forgiven Polynesian's debts in the amount of $3,743.19 or more, for unused ticket refunds owed to CDI, in exchange for a corresponding decrease in CDI's debt to Polynesian. CDI further claims that prior to the filing of the complaint, the parties entered into an agreement under which Polynesian would apply CDI's commissions against the amount of CDI's obligation to Polynesian. CDI claims that the amount of these commissions is in excess of $2,000.00.

## II.  Standard of Review

■ Summary judgment is appropriate where there is no issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. T.C.R.C.P. 56. It may be invoked only when "no genuine issue as to any material fact" exists. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-250 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322-24 (1986). To determine that no material fact exists, the facts must be "beyond dispute," even though the non-moving party's factual assertions, supported by discovery material are presumed to be true, and that all inferences are construed in a light most favorable to the non-moving party. *Ah Mai v. American Samoa Government*, 11 A.S.R.2d 133, 136 (Trial Div. 1989); see *Lokan v. Lokan*, 6 A.S.R.2d 44, 46 (Trial Div. 1987); *U.S. v. Diebold*, 369 U.S. 654 (1962).

## III.  Discussion

The parties agree that they mutually assented to the arrangement whereby Polynesian applies CDI's commissions for the sale of airline tickets against the amount of CDI's debt to Polynesian. There is dispute as to the amount by which CDI's commissions have reduced its debt to Polynesian. CDI claims, by affidavit, that it has commissions in excess of $2,000.00. Polynesian, however, credits CDI with only $1,091.48 in debt reduction due to commissions retained by Polynesian.

CDI asserts that it entered into a verbal agreement[1] with Polynesian, which would credit at least $3,743.19 owed by Polynesian to CDI for unused

---

[1]   There may be an issue of whether the alleged agreement is enforceable in view of the statute of frauds. A.S.C.A. § 27.1530 *et seq.* Since this issue has not been raised by Polynesian, we express no opinion regarding it.

tickets, against the debt owed by CDI to Polynesian. The accumulated credits claimed by CDI against the original debt to Polynesian would bring that debt down to a figure of $2,889.54 at most, or a difference of at least $4,651.71 from Polynesian's claim that the debt is $7,541.25. We find that this difference arises out of the factual questions of: (1) whether Polynesian and CDI actually entered the verbal agreement offered by CDI, and (2) the proper amount of sales commissions credited against CDI's debt.

Taking CDI's rendition of the facts to be true, and construing them in a light most favorable to CDI, we are unable to grant Polynesian summary judgment in the amount of $7,541.25, as a matter of law. Accordingly, we deny Polynesian's motion.

It is so ordered.